# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### SOUTHERN DIVISION
### PIKEVILLE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Zachary Bryson, Task Force Officer of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state that:

1.      I am an investigator or law enforcement officer of the United States, within the meaning of Section 2510 (7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2.      I am a Detective with the Kentucky State Police (KSP), currently assigned as a Task Force Officer to the Federal Bureau of Investigation (FBI), Pikeville Resident Agency, since September 05, 2017. I have been employed by KSP since April 2010.  In connection with my official FBI duties, I investigate criminal violations of federal narcotics laws, including, but not limited to violations of Title 21 and Title 18 United States Code (U.S.C.), Sections 841, 846, and 924. I have received training from KSP in Frankfort, Kentucky, which covered a variety of investigative techniques, including interviewing, report writing, and an overview of legal statutes and criminal laws.

3.      I have participated in numerous investigations involving the arrests of persons engaged in distributing controlled substances, including, but not limited to, marijuana, cocaine base, cocaine, heroin, methamphetamine, hydrocodone, and oxycodone, as well as firearm offenses.   I have initiated or participated in surveillances, the operation and debriefing of numerous drug dealers, drug users, and informants,

performed both physical and electronic surveillance, executed search warrants, analyzed records documenting the purchase and distribution of illegal drugs, and the concealment of illegal narcotics profits. Through my training, education, experience, and consultations with other narcotics investigators and law enforcement officials, I have become familiar with the manner in which illegal drugs are obtained, financed, stored, manufactured, transported, and distributed and the methods of payment for such drugs.

4.     Based upon my training and experience, I am aware that drug traffickers often possess and utilize firearms to protect their drugs, drug proceeds, assets, and themselves; drug traffickers commonly possess large amounts of U.S. currency and/or other valuables which are the proceeds from unlawful drug trafficking; drug traffickers commonly utilize vehicles to transport drugs, money, and firearms; drug traffickers commonly hide/store drugs, money, firearms, and drug related contraband inside their residence or buildings, on their property, and/or in their vehicles; and drug traffickers commonly utilize computers, tablets, smart phones, cell phones, and other electronic devices to communicate with drug trafficking organization members and customers and to store information related to drug trafficking activities.

5.     I have participated in an investigation with law enforcement officials of the FBI HEAT Task Force, and other law enforcement officials that revealed the following information. In conducting the investigation, I have spoken with and reviewed the reports of Kentucky State Police (KSP) and other law enforcement officials. The information provided herein is not all of the information that has been uncovered in this investigation, but merely pertinent information necessary and sufficient to support probable cause to believe a federal crime has been committed.

6.     This Affidavit is being submitted in support of a Criminal Complaint alleging Pierre De'Aundra Lidge, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, U.S.C., § 841 (a)(1) and Title 18, U.S.C., § 924 (c) possession of firearms in furtherance of a drug trafficking crime.

7.     On June 5, 2023 the Kentucky State Police (KSP) DESI East Criminal Interdiction Team, and DESI East Detectives received information from Virginia State Police (VSP) Narcotics detectives that a black male subject would be traveling to Virginia from Kentucky to sale approximately three ounces of Methamphetamine to a Confidential Informant (CI). Virginia State Police Detectives further detailed that this would be the third controlled drug transaction that they have conducted with this subject utilizing this CI. Virginia law enforcement advised KSP that despite their best efforts they have been unable to fully and completely identify this male subject for their case.

8.     Virginia law enforcement reported that during the two previous controlled drug transactions, the male subject commonly had additional bulk quantities of methamphetamine and would immediately leave the scene of the controlled drug transaction and would travel back to Kentucky. Virginia law enforcement reported that the male subject would take Methamphetamine from a larger bag, weigh the substance, and then package the purchased quantity into a smaller baggie for purchase.

9.     Information provided from KSP Intel Analyst stated that the suspect in question was possibly identified as being Pierre Lidge, hereinafter referred to as LIDGE. KSP Intel further reported that LIDGE is known to have violent tendencies, and may be armed and dangerous upon contact.

10.     On or about June 05, 2023, at approximately 1500 hours, the DESI East Interdiction Team and numerous KSP DESI Detectives set up surveillance in the Stopover community of Pike County, Kentucky, in an attempt to observe the suspect traveling back to Kentucky from Virginia after the transaction with VSP Detectives, and their CI.

11.     On or about this same date, Virginia law enforcement reported that the controlled drug transaction was successful, and their CI purchased a quantity of methamphetamine from the subject using a quantity of pre-recorded drug buying money. Virginia law enforcement further detailed and reported that the male subject was operating a grey Chevrolet SUV, with Ohio temporary tags, and white lettering on the back glass.  Detectives also provided a photograph of the vehicle to KSP.

12.     On or about June 05, 2023, KSP observed the previously described vehicle traveling on KY 194 in the Stop Over Community of Pike County, Kentucky.  KSP reported that the vehicle was followed for a few miles before a felony traffic stop was conducted by law enforcement.  KSP reported that the vehicle was unable to maintain its proper lane of travel, and further reported that the vehicle crossed the double yellow line on several occasions.

13.     For officer safety reasons, law enforcement conducted a felony stop of the vehicle.  Inside the vehicle, LIDGE was determined to be the sole occupant and operator of the vehicle.  LIDGE was detained from the scene and taken into custody by law enforcement without incident.

14.     LIDGE was read the Miranda Warning by KSP, after the vehicle was cleared for officer safety.  Law enforcement and this officer detected a strong odor of

marijuana emanating from the vehicle. LIDGE advised law enforcement that he had smoked marijuana inside the vehicle, earlier this date. KSP utilized and deployed a certified narcotics detection canine to conduct an open air sniff of the vehicle. The canine alerted to the vehicle for the presence of a controlled substance and a hand search was conducted of the vehicle.

15.     During a hand search of the vehicle, KSP located a compartment around the center console of the vehicle. Inside this compartment, KSP located a plastic baggie containing approximately three ounces of substance that was suspected of containing a detectable amount of methamphetamine, a Schedule II controlled substance, two separate baggies containing marijuana, and a loaded, Glock 22 .40 caliber handgun. Additionally, it was determined that LIDGE had a quantity of US Currency, which was recovered from his person, inside his pants pocket.

16.     On or about June 6, 2023, while processing the collected evidence, KSP determined that a portion of the US Currency, which was recovered from LIDGE's person, was determined to have contained a quantity of VSP drug buying monies, which was utilized during the previous controlled drug transaction on or about June 05, 2023.

17.     KSP did not conduct a field test of the substance. However, through this officers training and experience in narcotics investigation, the crystalline substance that was seized from inside the vehicle was consistent with what this officer recognizes to have been methamphetamine, a schedule II controlled substance. The approximate total weight of the suspected methamphetamine was over 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

18.    Based on the foregoing, Affiant submits there is probable cause to believe that Pierre De'Aundra Lidge , did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, U.S.C., § 841 (a)(1) and Title 18, U.S.C., § 924 (c) possession of firearms in furtherance of a drug trafficking crime.

_____
Zachary Bryson, Task Force Officer
Federal Bureau of Investigation

Sworn to before me this __8__ day of June, 2023

_____
Honorable Edward B. Atkins
United States Magistrate Judge
Eastern District of Kentucky